# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN WESLEY SLAGLE,

  Petitioner,  :  Case No. 1:12-cv-839

  -vs-  :  Chief Judge Susan J. Dlott
    Magistrate Judge Michael R. Merz

MICHELE MILLER, Warden,
 Belmont Correctional Institution,

  Respondent.  :

# REPORT AND RECOMMENDATIONS; ORDER DENYING MOTION FOR DISCOVERY

  This habeas corpus case is before the Court for decision on the merits.

  On the Court's Order (Doc. No. 6), the Warden has filed a Return of Writ (Doc. No. 11). The same Order provided that the Petitioner could file a reply to the Return not later than twenty-one days after the Return was filed. The Warden filed the Return on February 4, 2013, making the reply due on February 28, 2013, but no reply has been filed.

  The case is also before the Court on Petitioner's renewed Motion to Conduct Discovery (Doc. No. 9). The Warden has opposed that Motion (Doc. No. 12) and Petitioner's time to file a reply memorandum in support expired February 28, 2013, with no reply filed.

  Petitioner pleads the following Grounds for Relief:

> **Ground One:** Petitioner was denied access to the Courts of Ohio regarding the statute of limitations issue because the trial court failed and neglected to have a complete transcript made of the proceedings thereon and thus no appeal was taken.

1

**Supporting Facts:** A hearing was held in a seperate [sic] courtroom immediately before the beginning of Petitioner's trial on the issue of the expiration of the statute of limitations on counts 1 and 2 of the indictment. Appellate counsel, which was different than trial counsel, ordered a complete transcript of the proceedings and did not appeal the statute of limitations issue not knowing that it was [sic] existed, without having the complete transcript.

**Ground Two**: Petitioner's right to equal protection and the due process thereof and fair procedure thereof were violated by the failure of the Ohio courts to comply with Ohio Revised Code § 2929.11(B).

**Supporting Facts:** The provisions of Ohio Revised Code § 2929.11(B) are mandatory. Petitioner provided to the Ohio courts documenting proof that 4 others committed "similar" crimes and were similarly situated offenders to Petitioner. None of those 4 spent more than 6 months in prison and, at least, one, an attorney, spent no prison time. A clear violation of said statute and fair treatment.

**Ground Three:** The State of Ohio suppressed a large body of evidence that would demonstrate that, in fact, it possessed knowledge it denied having regarding the statute of limitations issue set forth in ground one hereinabove.

**Supporting Facts:** Following appeals, additional documents came to the attention of Petitioner demonstrating that the State of Ohio had extensive knowledge of the expiration of the statute of limitations. Motions were filed, including a motion to re-open the appeal, all of which were denied.

**Ground Four:** It was an error for the trial court to impose consecutive sentences resulting in a total of 10 years being imposed.

**Supporting Facts:** The imposition of consecutive sentences against Petitioner was inappropriate and denied the Petitioner equal protection of the law as a result.

(Petition, Doc. No. 3, PageID 70-75.)

**Procedural History**

The Highland County Grand Jury indicted Slagle on April 7, 2009, in Case No. 09 CR 047 on two counts of aggravated theft (Counts One and Two, victim the Jessica E. Cundiff Irrevocable Special Needs Trust), two counts of grand theft (Count Three, victim James Cumberland, and Count Four, victim Sue Schirmer), one count of theft (Count Five, victim Jennifer Peterson), and one count of falsification. (Indictment, Respondent's Apx., Doc. No. 10, Ex. 5, PageID 128-129; the "First Indictment.")

On June 9, 2009, the Highland County Grand Jury indicted Slagle in Case No. 09 CR 086 on two counts of theft from an elderly person (Count One, victim Mary Schade, and Count Five, victim Shirley Shelton), two counts of theft (Count Two, victims Robert and Renee Teague, and Count Three, victim Estate of Patrick Lee) and one count of theft from a disabled person (Count Four, victim Earl Lewis)(Indictment, Respondent's Apx., Doc. No. 10, Ex. 6, PageID 132-133; the "Second Indictment").

Without opposition, the cases were consolidated for trial. Slagle filed two motions to dismiss Count One of the First Indictment on statute of limitations grounds; both were denied (Respondent's Apx., Doc. No. 10, Exs. 10 and 13, PageID 142, 153-177). Count Three of the First Indictment and Count One of the Second Indictment were dismissed prior to trial and the trial court bifurcated Count Four of the Second Indictment. At trial a jury convicted Slagle of one count of aggravated theft, two counts of grand theft, and falsification on the First Indictment and one count of grand theft and one count of felony theft on the Second Indictment. After a pre-sentence investigation, he was sentenced to four years confinement on the First Indictment and two years consecutive on the Second Indictment, both to be consecutive to four years imprisonment already imposed in a parallel Montgomery County case (Judgment Entries,

Respondent's Apx., Doc. No. 10, Exs. 1 and 2, PageID 102-109). Slagle then pled no contest to the bifurcated count and received an additional one year sentence. *Id.* at Ex. 3, PageID 110-113. The convictions and sentences were affirmed on appeal which contained no assignment of error regarding the statute of limitations. *State v. Slagle,* 2011 Ohio 1463, 2011 Ohio App. LEXIS 1252 (Ohio App. 4th Dist. Mar. 11, 2011). Slagle took no further appeal to the Ohio Supreme Court.

While the direct appeal was pending, Slagle filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 raising the claim that his conviction was unconstitutional because "he was not permitted to invoke the applicable statute of limitations." The trial court denied relief after a hearing. Slagle appealed, but the court of appeals affirmed. *State v. Slagle*, 2012 Ohio 1936, 2012 Ohio App. LEXIS 1696 (Ohio App. 4th Dist. Apr. 27, 2012). Again, Slagle did not appeal to the Ohio Supreme Court.

Slagle then filed an Application for Reopening the direct appeal under Ohio R. App. P. 26(B). The court of appeals denied the Application. *State v. Slagle*, Case Nos. 10CA4 and 10CA5 (Ohio App. 4th Dist, unreported, copy at Respondent's Appendix, Doc. No. 10, Ex. 33, PageID 463-481). This time Slagle did appeal to the Ohio Supreme Court, but the appeal was dismissed as not involving any substantial constitutional question. *State v. Leonard,* Case No. 2012-0671 (Entry of July 5, 2012, Respondent's Apx., Doc. No. 10,, Ex. 36, PageID 520.) Thereafter, within the time allowed by the statute of limitations, Slagle filed the instant Petition.

4

## Analysis

### Ground One:  Denial of Access to the Courts

In his First Ground for Relief, Slagle claims he was denied access to the courts because the trial court failed to have a transcript made of that portion of the proceedings in which evidence was taken on his statute of limitations defense (Petition, Doc. No. 3, PageID 70).  He asserts his appellate counsel did not appeal this issue because, although appellate counsel ordered a complete transcript of the trial court proceedings, this portion was not transcribed and therefore appellate counsel did not know about the issue.  *Id.*  He also claims he was unaware that his trial counsel had filed a motion to dismiss on this basis until the morning of trial (Memorandum in Support of Petition, Doc. No. 3, PageID 86).

Slagle asserts he raised this claim in his Application for Reopening.  Instead of pleading a stand-alone denial of access claim, he instead alleged as an omitted assignment of error on appeal that "Appellant's counsel failed, refused, and neglected to raise the issue of the expiration of the statute of limitations as to Count 1 of the Indictment."  *State v. Slagle*, Case Nos. 10CA4 and 10CA5 (Ohio App. 4th Dist, unreported, Respondent's Apx., Doc. No. 10, Ex. 33, PageID 466).  The court of appeals discussed this proposed assignment of error at length.  *Id.* at PageID 466-472.  It determined as a matter of law that the statute of limitations for the theft charged in Count 1 did not begin to run until the *corpus delicti* of the offense was discovered by the State and as a matter of fact that that discovery had not occurred until 2008, well within the six-year period of limitations *Id.* at ¶¶ 15-16.  Since there was no valid statute of limitations defense, the court of appeals held it was not ineffective assistance of appellate counsel for appellate counsel

to fail to raise this assignment of error.  *Id.* at ¶17.  The court of appeals reviewed the transcript of whose absence Slagle complains.  *Id.* at PageID 464, footnote 1.

Assuming that the claim as Slagle now phrases it – a stand-alone denial of access claim – was fairly presented to the Ohio courts, those courts provided a full and complete remedy for any temporary denial by providing a transcript of the statute of limitations hearing at state expense and then allowing it to be considered on the merits on the Application for Reopening.  Put another way, the Ohio courts gave Slagle a full consideration of the merits of his statute of limitations defense to Count 1 of the First Indictment.[1]

Assuming that the claim Slagle intends to raise is that his statute of limitations defense has not been honored by the State of Ohio, he is not entitled to relief.  The question of what Ohio law provides by way of a statute of limitations on theft offenses is a question of state law.  Here the Fourth District Court of Appeals decided the relevant statute did not begin to run until the *corpus delicti* had been discovered.  This habeas corpus court is bound by state court interpretation of state law.  *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), quoting *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")*, Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598, (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36, (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

Furthermore, the state court decided, on the basis of evidence presented at a hearing at which Slagle was represented, that the *corpus delicti* was not discovered until a date well within the statute of limitations.  Slagle has not demonstrated (or even attempted to demonstrate) that

---

[1] Although Slagle mentions that Count Two of the First Indictment is also part of the "Cundiff" matter, he never claimed in the Ohio courts that prosecution on the second count of that matter was barred by the statute of limitations.  That claim cannot be raised for the first time in habeas corpus.

that finding of fact is an unreasonable determination based on the evidence presented. Without such a demonstration, that finding is entitled to complete deference from this Court. 28 U.S.C. § 2254(d)(2).

The First Ground for Relief is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability on this Ground for Relief.

## Ground Two – Equal Sentencing

In his Second Ground for Relief, Slagle contends his rights to equal protection, due process, and fair procedure were violated by the failure of the Ohio courts to comply with Ohio Revised Code § 2929.11(B).

Slagle raised this claim as his first assignment of error on direct appeal, phrased as "[t]he trial court abused its discretion when it sentenced Mr. Slagle to a cumulative prison term of 11.5 years." The court of appeals decided that claim as follows:

> ASSIGNMENT OF ERROR I
>
> [*P7] In his first assignment of error, Appellant contends that the trial court abused its discretion when it sentenced him to "cumulative prison terms of 11.5 years." Appellant claims that in light of his age and diminishing health the sentence essentially amounts to a life sentence. Appellant also claims that he was entitled to a lesser sentence because he had no prior criminal record, [3] and because "he tried to express remorse for his actions, but was not sure how much he could say, given the fact that he knew an appeal was going to be pending." The State properly responds by noting that Appellant's cumulative sentence was ten years, and contends that as trial court's have discretion to sentence within the statutory framework, Appellant's assignment of error should be denied.

7

## FOOTNOTES

3 We reject Appellant's argument that he should have been given a shorter sentence because he was a first time offender in light of the fact that Appellant had been convicted of two felony theft counts in Montgomery County when he was sentenced in Highland County.

[*P8] "Appellate courts 'apply a two-step approach [to review a sentence]. First, [we] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard.' " *State v. Smith*, Pickaway App. No. 08CA6, 2009 Ohio 716 at ¶ 8, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008 Ohio 4912, 896 N.E.2d 124 at ¶ 4. See also *State v. Voycik*, Washington App. Nos. 08CA33 and 08CA34, 2009 Ohio 3669 at ¶ 8.

[*P9] Here, we find that Appellant's total combined prison sentence is not clearly and convincingly contrary to law. In analyzing whether Appellant's sentence is contrary to law, "[t]he only specific guideline is that the sentence must be within the statutory range * * *." *State v. Welch*, Washington App. No. 08CA29, 2009 Ohio 2655 at ¶ 7, quoting *State v. Ross*, Adams App. No. 08CA872, 2009 Ohio 877 at ¶ 10. See also *Voycik* at ¶ 9.

[*P10] In Highland County Case No. 09CR047, Appellant was convicted of three felony theft offenses and one misdemeanor falsification count. Specifically, Appellant was convicted of aggravated theft in violation of R.C. 2913.02(A)(1), which is a third degree felony, and was sentenced to a three year prison term. R.C. 2929.14(A)(3) provides that "[f]or a felony of the third degree, the prison term shall be one, two, three, four or five years." Thus, Appellant's three year prison term falls within the statutory range. Appellant was also convicted of two counts of grand theft in violation of R.C. 2913.02(A)(1), both of which are fourth degree felonies. Appellant received twelve months on one of the counts and eighteen months on the other count. R.C. 2929.14(A)(4) provides that "[f]or a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." Thus, Appellant's twelve and eighteen month prison terms fall within the statutory range. Appellant was also convicted of falsification, a

first degree misdemeanor in violation of R.C. 2921.13(A)(10) and was sentenced to six months. R.C. 2929.24(A)(1) provides that the trial court may impose a jail term "[f]or a misdemeanor of the first degree, not more than one hundred eighty days[.]" Thus, although a maximum sentence, Appellant's six month sentence was within the statutory range.

[*P11] In Highland County Case No. 09CR047, the trial court ordered that the three year and one year sentences on the theft offenses be served consecutively to each other, and that the other two sentences were to run concurrently, for a total of four years. The court further ordered that the four year sentence was to run consecutively to the four year Montgomery County sentence. This result is not clearly and convincingly contrary to law.

[*P12] Next, in Highland County Case No. 09CR086, Appellant was convicted of two additional felony theft offenses. Specifically, Appellant was convicted of grand theft, a fourth degree felony in violation of R.C. 2913.02(A)(1), and was sentenced to an eighteen month prison term. As set forth above, an eighteen month prison term is within the statutory range per R.C. 2929.14(A)(4). Appellant was also convicted of theft from an elderly person, a third degree felony in violation of R.C. 2913.02(A)(1) and was sentenced to a two year prison term. Again, a two year prison term is within the statutory range per R.C. 2929.14(A)(3).

[*P13] Further, in Highland County Case No. 09CR087, while the trial court ordered the two sentences be concurrent to each other, it ordered that they be served consecutively to the sentences in Case No. 09CR047, and also consecutive to the Montgomery County sentence, for a sum total of ten years. Again, this result is not clearly and convincingly contrary to law. Thus, based on the foregoing, Appellant's total combined sentence of 10 years is within the statutory range for his various crimes and is not clearly and convincingly contrary to law.

[*P14] Additionally, courts must consider the general guidance factors set forth in R.C. 2929.11 and 2929.12. *State v. Foster*, 109 Ohio St.3d 1, 2006 Ohio 856, 845 N.E.2d 470, at ¶ 42; *Kalish* at ¶ 13. The trial court's sentencing entries stated that (1) "[a]fter weighing the seriousness and recidivism factors, prison is consistent with the purposes and principles of Section 2929.11 ORC" and (2) the court had "considered the record, oral statements, any victim impact statements, and the pre-sentence report, as well as all factors required by Section 2929.12 ORC." Therefore, we find that the trial court complied with all applicable

9

rules and statutes in sentencing Appellant. Thus, we find that Appellant's sentence is not clearly and convincingly contrary to law.

**[\*P15]** Next, we address the second prong of the two-step approach. That is, whether the trial court abused its discretion in imposing Appellant's sentence. As we have already noted, the term "abuse of discretion" implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. "In the sentencing context, we review the trial court's selection of the sentence within the permissible statutory range." *Smith* at ¶ 17, quoting *Kalish* at ¶ 17.

**[\*P16]** Sentencing courts "have full discretion to impose a prison sentence within the statutory range and are [not] required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Foster* at paragraph seven of the syllabus; see also *Kalish* at ¶ 11. As mentioned above, however, courts must still consider the general guidance factors set forth in R.C. 2929.11 and 2929.12. Additionally, trial courts "may consider any other factors that are relevant to achieving the purposes and principles of sentencing." *State v. Whitt*, Clark App. No. 2010CA3, 2010 Ohio 5291 at ¶ 50; relying on R.C. 2929.12.

**[\*P17]** Based upon our review of the record, we cannot find an abuse of discretion related to Appellant's individual sentences or cumulative sentence. Here, though not required to do so, the trial court explained its reasons for imposing, with respect to some of the counts, maximum and consecutive prison sentences. At the sentencing hearing, the trial court expressed its frustration with Appellant's lack of explanation or remorse for his actions as follows:

"THE COURT: Six years this has been going on, and I haven't heard an 'I'm sorry.' I haven't even heard an 'I'm sorry to my wife and family.' Which is not going to hurt you. I haven't heard anything other than 'I don't want the day of reckoning to happen. ['] * * * So again, I'm going to give you an opportunity to tell me why? You don't have to. But, if you want to tell me why, I'll take that into consideration, other than you're a greedy individual who stole hundreds and hundreds of thousands of dollars from your lawfirm and your trusted clients, for your own benefit for the condo in Hilton Head or whatever else you did with the money."

**[*P18]** Then, the trial court further stated as follows prior to imposing the sentences:

"THE COURT: I'll just preface by just making a few comments, because even though it's not necessary under today's law, I think it's very appropriate to advise all the people involved and also, uh, you know the people who are listening, not only the people who aren't here, why I'm doing what I'm doing, but obviously I'm aware of the offenses in Montgomery County and the pre-sentence investigation sets a little bit of that information; I have no further information other than what's in the pre- sentence investigation. But that's a serious matter; these are serious matters. There isn't anything more serious of a non-violent nature, uh, than having an attorney steal from trusted clients, uh, who are in some cases too old and other cases too infirm to even know what's going on. You held a public trust, and you held a private trust for many years, and you violated that trust or used that trust to facilitate the offenses. As I've said, I've heard nothing to explain to me why this illegal conduct took place for such a long period of time; nor have I heard any remorse whatsoever with respect to this."

**[*P19]** After imposing Appellant's prison terms, the trial court found that "the shortest prison term would demean the seriousness of your conduct, and would not adequately protect the public from future crime, and consecutive sentences have been imposed because of the innocent trusting victims, and your profession which you swore to uphold the harm to those two are so great and unusual that a single prison term would not be sufficient to reflect the seriousness of your conduct."

**[*P20]** In light of these findings, we cannot conclude that the trial court abused its discretion by sentencing Appellant to consecutive prison terms of six years, to be served consecutively to a four year Montgomery County sentence, for a total of ten years.

**[*P21]** Furthermore, we cannot find an abuse of discretion in Appellant's total combined sentence. Taking into consideration the Montgomery County sentence, Appellant received a total of ten years in prison for seven different felony theft offenses and one misdemeanor count of falsification. The Highland County theft offenses alone involved four different clients. We cannot find an abuse of discretion under these circumstances.

**[*P22]** Accordingly, we overrule Appellant's first assignment of error.

*State v. Slagle,* 2011 Ohio 1463, 2011 Ohio App. LEXIS 1252 ¶¶ 7-22 (Ohio App. 4th Dist. Mar. 11, 2011).

Mr. Slagle's claim is that the court of appeals focused entirely on the first portion of Ohio Revised Code § 2929.11(B) and ignored the requirement of that statute that sentences "must be consistent with sentences imposed for similar crimes committed by similar offenders."  He asserts he submitted sentencing entries from four other theft cases in the Highland County Common Pleas Court at approximately the same time as he was sentenced where far lower sentences were imposed (Memorandum in Support of Petition, Doc. No. 3, PageID 87).  He claims that the failure of the Ohio courts to follow this mandatory language of Ohio Revised Code § 2929.11(B) deprived him of equal protection and access to the courts of Ohio.

This claim was not fairly presented to the Ohio courts as an equal protection claim and is thus procedurally defaulted.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim.  *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue.  *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228

F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

The only mention of the United States Constitution in the appellate brief is "Fourteenth Amendment" (Brief, Respondent's Apx., Doc. No. 10, Ex. 17, PageID 234). There is no citation to any federal precedent or even any argument made in equal protection terms.

The Second Ground for Relief is also procedurally defaulted by Slagle's failure to appeal to the Ohio Supreme Court from the final decision of court of appeals. Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), quoting *O'Sullivan v. Boerchel,* 526 U.S. 838, 846-47 (1999).

Because of Slagle's procedural defaults in presenting this claim to the Ohio courts, it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability on this Ground for Relief.

**Ground Three:  Suppression of Evidence**

In his Third Ground for Relief, Slagle asserts the State of Ohio suppressed a large body of evidence related to his statute of limitations defense.  Although Slagle does not directly say so, the Court assumes he intends to allege a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), i.e. that he intends to assert that evidence would have been exculpatory and material.

In his Memorandum in Support of the Petition, Slagle says the Court should see the attachment to the Memorandum as proof that assistant Ohio disciplinary counsel Joseph Caliguri saw – or his office saw – evidence of the "Cundiff matter" much earlier than Caliguri admitted at trial or at the motion to dismiss on the basis of the statute of limitations.  However, there is no such attachment.  (See Doc. No. 3.)

Slagle then argues that he incorporated a document into his motion to reopen the direct appeal which is relevant.  Presumably the referenced document is a December 17, 2002, report prepared by Nelson Grover, an investigator with the Montgomery County Prosecutor's Office, which Slagle "contends demonstrates the State had actual knowledge of the [Cundiff] matter as early as 2002, but did not issue an indictment until 2009."  (Entry on Application for Reopening, Respondent's Apx. Doc. No. 10, Ex. 33, ¶ 8, PageID 467.)  The court of appeals refused to consider the document because it had not been made a part of the state court record at the trial court level.  *Id.*  Despite referencing it in his pleadings, Slagle has not in fact given this Court a copy.  In any event, we could not consider it because it was not properly part of the state court record on which the court of appeals ruled when this issue was presented to the Ohio courts for the first time.  *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011).

Even less is this Court able to consider Slagle's allegation that "there were numerous

documents in existence all establishing that the State of Ohio had extensive knowledge of the Cundiff matters as early as the fall of 2001, which is contrary to the claims of the State that it did not have any knowledge of the situation until 2008." (Memorandum in Support of Petition, Doc. No. 3, PageID 89.) To the extent this is a *Brady* claim with respect to those documents other than the Grover report, it has never been, so far as Slagle has shown, submitted to the Ohio courts in any fashion and indeed is not supported by any evidence submitted to this Court. A federal habeas court cannot consider claims not first presented to the state courts. Whether any claim related to these additional documents could still be presented to the Ohio courts by way of a subsequent post-conviction petition or whether such a claim is procedurally defaulted because such a claim would not be accepted, in either event it cannot be considered by this Court.

Ground Three for Relief should be dismissed. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability on this Ground for Relief.

**Ground Four – Denial of Equal Protection by Imposition of Consecutive Sentences**

In his Fourth Ground for Relief, Slagle contends he was denied equal protection of the laws by imposition of consecutive sentences. As noted above with respect to Ground Two, no equal protection claim was fairly presented to the Ohio courts. Instead, the sentencing argument was entirely in terms of abuse of discretion and failure to apply Ohio Revised Code § 2929.11(B).

Ground Four for Relief should be dismissed on the same basis as Ground Two. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a

certificate of appealability on this Ground for Relief.

## Motion for Discovery

Based on the foregoing recommendations, the Motion for Discovery is denied.

## Conclusion

Based on the foregoing analysis, the Petition in this case should be dismissed and Petitioner denied a certificate of appealability.  The Court should certify to the Sixth Circuit that an appeal would not be taken in objective good faith and should not be permitted to proceed *in forma pauperis*.

March 12, 2013.

                                                      s/ *Michael R. Merz*
                                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).