# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN WESLEY SLAGLE,

      :

    Petitioner,                                      Case No. 1:12-cv-839

      :                     Chief Judge Susan J. Dlott

   -vs-                                        Magistrate Judge Michael R. Merz

MICHELE MILLER, Warden,
 Belmont Correctional Institution,

      :

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

        This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 16) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 13) and the Warden's Response to those Objections (Doc. No. 18).  Pursuant to Fed. R. Civ. P. 72(b), Chief Judge Dlott has recommitted to matter to the Magistrate Judge for reconsideration in light of the Objections.

        Slagle's habeas corpus Petition pleads four Grounds for Relief, all of which the Report recommended be dismissed with prejudice.  As the Warden correctly points out, Slagle has not objected to the recommended disposition of First, Third, and Fourth Grounds for Relief and has therefore waived any right to object further to the conclusion that those Grounds should be dismissed with prejudice.  Instead, Slagle's Objections are directed entirely to the proposed disposition of Ground Two.

        The Second Ground for Relief as pled reads in its entirety:

> **Ground Two**: Petitioner's right to equal protection and the due process thereof and fair procedure thereof were violated by the failure of the Ohio courts to comply with Ohio Revised Code § 2929.11(B).
>
> **Supporting Facts:** The provisions of Ohio Revised Code § 2929.11(B) are mandatory. Petitioner provided to the Ohio courts documenting proof that 4 others committed "similar" crimes and were similarly situated offenders to Petitioner. None of those 4 spent more than 6 months in prison and, at least, one, an attorney, spent no prison time. A clear violation of said statute and fair treatment.

(Petition, Doc. No. 3, PageID 72.)

The Report recommends dismissal of this claim on two procedural bases, to wit, that this claim was not fairly presented to the Ohio courts as a federal constitutional claim and that it was procedurally defaulted by failure to take a direct appeal to the Ohio Supreme Court (Report, Doc. No. 13, PageID 613-614).

Slagle actually raised his claim about the impact of Ohio Revised Code § 2929.11(B) in his First Assignment of Error on direct appeal, but he never argued it to the Ohio Court of Appeals as an equal protection claim, but merely as a claim under the statute. The court of appeals decided the claim only as a matter of applying the statute. *State v. Slagle*, 2011 Ohio 1463, 2011 Ohio App. LEXIS 1252 ¶¶ 7-22 (Ohio App. 4th Dist. Mar.11, 2011), quoted in the Report, Doc. No. 13, PageID 608-613. The Report found there was no argument made in the appellate brief about the Equal Protection Clause or any citation of federal precedent. (Report, Doc. No. 13, PageID 614.

In his Objections, Slagle does not refute this finding by pointing to any place in his brief on direct appeal where he mentions in Equal Protection Clause. Instead, he points to his equal protection claim made in Proposition of Law No. II in his appeal from the court of appeals' denial of his application for reopening the direct appeal (Objections, Doc. No. 16, PageID 626).

2

What he neglects to mention is that by this point, he had (1) failed to raise equal protection in his brief to the court of appeals, (2) failed to file in the Ohio Supreme Court at all on direct appeal, (3) failed to raise denial of equal protection in his petition for post-conviction relief under Ohio Revised Code § 2953.21, (4) failed to raise that claim on appeal from denial of post-conviction relief, (5) failed to appeal at all to the Ohio Supreme Court from the affirmance of denial of post-conviction relief, and (6) failed to raise an equal protection claim in his application for reopening the direct appeal in the court of appeals.

Slagle argues the matter as if the Magistrate Judge had found that he had failed to exhaust the claim. See, e.g., his citation at Objections, Doc. No. 16, PageID 625, to Hertz & Liebman on the exhaustion requirement. However, it is not lack of exhaustion which is involved here, but procedural default. Failure to exhaust a claim means that the habeas petition still has some method of presenting the claim to the state courts. A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. §2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). When there still exists an available state remedy, the federal habeas court will usually stay its proceeding until exhaustion has occurred. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

The procedural default doctrine, on the other hand, is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

3

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006), *quoting O'Sullivan v. Boerckel,* 526 U.S. 838, 846-47 (1999).

The Sixth Circuit has explained the distinction between these two doctrines:

> As is well-established (although sometimes muddled by courts), two types of procedural barriers might preclude federal review of claims in a habeas petition. The first type, procedural default, is a judicially created rule, grounded in fealty to comity values and requiring federal courts to respect state court judgments that are based on an "independent and adequate" state procedural ground.

4

> *Coleman v. Thompson*, 501 U.S. 722, 732, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (establishing a four-part test for determining whether a procedural rule is an independent and adequate state ground). In procedural default cases, the state court or courts reject a direct or post-conviction appeal because the defendant failed to comply with some state law or rule concerning timeliness, pleading requirements, sufficient evidence, or the like.
>
> The second type of bar, exhaustion, is similarly grounded in respect for state court procedures, but it is federally mandated by AEDPA, see 28 U.S.C. § 2254(b)(1)(A), (c), and requires petitioners to give state courts a "fair opportunity" to assess petitioners' claims. *O'Sullivan*, 526 U.S. at 844. Often, federal courts will rule that a petitioner's claim is "defaulted" because the petitioner failed to exhaust his remedies and the time for refiling an appeal in the state court has passed. The unexhausted claim is then classified as "procedurally defaulted" and deemed forfeited absent a showing of cause and prejudice. *See In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000).
>
> But exhaustion and procedural default are distinguishable in an important sense. A defendant could fail to exhaust a claim without procedurally defaulting if he could return to the state courts to exhaust. Alternatively, as in this case, the defendant could fail to exhaust without defaulting if a clarification in procedural law indicates that he has already taken the necessary action to exhaust. That is, forfeiture by failure to exhaust entails a legal fiction, of sorts. The state court has not rejected an appeal based on a state rule violation; there is no declaration by the state court of an independent and adequate state ground to which the federal court must defer. Instead, the federal court makes a presumption that the state court would reject the appeal on independent and adequate state grounds if the petitioner tried to file it. But, by declaring the claim forfeited, the federal court saves the petitioner and the state court from respectively preparing and rejecting a futile filing. The federal court then views the claim through the lens of procedural default to determine whether there is cause and prejudice to excuse the default. In short, the crux of forfeiture by failure to exhaust is that the federal court's default decision rests upon a presumption about what the state court would do, rather than respect for what a state court actually did.

*Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 186-187 (6th Cir. 2004)(vacated on

other grounds, 545 U.S. 1151 (2005).

5

The procedural bar invoked against Slagle in the Report is not exhaustion, but two separate procedural defaults: failure to make a fair presentation of his constitutional claim to the state courts and failure to appeal to the Ohio Supreme Court at all on direct appeal. There is no doctrine of Ohio law which permits a criminal defendant who has failed to raise an issue on direct appeal, post-conviction, and the initial filing of an application to reopen the direct appeal to cure all those prior defaults by finally raising a constitutional claim on appeal to the Ohio Supreme Court from denial of the application for reopening. Nor is there any doctrine of federal habeas law which suggests that all those prior defaults should be forgiven because a defendant has finally raised an issue, for the first time, in his final filing in the state courts.

The principal state rule involved here is *res judicata*. A defendant who could have raised a claim on direct appeal but has not done so is barred by *res judicata* from raising that claim in a later state proceeding. *State v. Perry,* 10 Ohio St. 2d 175 (1967). The rule announced in *Perry*, and regularly followed by Ohio courts since it was announced, is an adequate and independent basis for a state court decision which will be upheld by the federal habeas court. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

In sum, although Petitioner satisfied the exhaustion of state remedies requirement, he did not satisfy the obligation to fairly present his constitutional claim to the state courts in the manner prescribed by Ohio practice, but in fact defaulted in that presentation. His claim as a federal constitutional claim was raised for the first time in his appeal to the Ohio Supreme Court from denial of his application to reopen his direct appeal. The purpose of an application for

reopening is to raised claims of ineffective assistance of appellate counsel; it does not give a criminal defendant the opportunity to raise other issues which have not been previously presented. An Ohio App. Rule 26(B) application preserves for habeas review only the ineffective assistance of appellate counsel arguments, not the underlying substantive arguments. *Wogenstahl v. Mitchell*, 668 F.3d 307, 338 (6th Cir. 2012), *citing Lott v. Coyle*, 261 F.3d 594, 612 (6th Cir. 2001). "The *Lott* court explained that permitting an Ohio prisoner to raise a substantive claim in a Rule 26(B) motion "would eviscerate the continued vitality of the procedural default rule; every procedural default could be avoided, and federal court merits review guaranteed, by claims that every act giving rise to every procedural default was the result of constitutionally ineffective counsel." *Id.*

## Conclusion

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify that any appeal would not be taken in objective good faith.

May 3, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).