# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JOHN WESLEY SLAGLE,

        Petitioner,                  Case No. 1:12-cv-839

                                          Chief Judge Susan J. Dlott
      -vs-                               Magistrate Judge Michael R. Merz

MICHELE MILLER, Warden,
 Belmont Correctional Institution,

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment (Doc. No. 24).

### Procedural History

This habeas corpus case was filed October 31, 2012 (Doc. No. 3). On the Court's Order (Doc. No. 6), Respondent filed a Return of Writ (Doc. No. 11). Petitioner failed to file a reply within the time allowed by the Order and on March 12, 2013, the Magistrate Judge filed a Report recommending the Petitioner be denied (Report and Recommendations, Doc. No. 13). As required by Sixth Circuit case law, the Report included the following:

1

NOTICE REGARDING OBJECTIONS

> Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at PageID 618.  Objections were initially due on March 29, 2013, but Petitioner sought and received an extension of time to file objections and did so on April 29, 2013 (Doc. No. 16).  The next day Chief Judge Dlott entered a Recommittal Order which provided:

> The District Judge has preliminarily considered the Objections and believes they will be more appropriately resolved after further analysis by the Magistrate Judge. Accordingly, pursuant to Fed. R. Civ. P. 72(b)(3), this matter is hereby returned to the Magistrate Judge with instructions to file a supplemental report analyzing the Objections and Response and making recommendations based on that analysis.

(Doc. No. 17, PageID 632.)  As ordered, the Magistrate Judge filed a Supplemental Report and Recommendations on May 3, 2013 (Doc. No. 19).  The Supplemental Report contained a verbatim copy of the Notice Regarding Objections which was contained in the original Report. *Id.* at PageID 644-45.  The time for filing objections to the Supplemental Report expired on May 20, 2013.  Petitioner filed no objections and Chief Judge Dlott adopted the Supplemental Report

and dismissed the case with prejudice on May 30, 2013 (Doc. Nos. 20, 21).

Under Fed. R. App. P. 4(a)(1)(A), Petitioner was required to file a notice of appeal not later than thirty days after the entry of judgment or on or before June 30, 2013. No notice of appeal was filed. Instead, Petitioner filed the instant Motion under Fed. R. Civ. P. 60(b) on July 11, 2013.

**Analysis**

Petitioner claims he did not object to the Supplemental Report because "he did not know that he was supposed to, could or should do so." (Motion, Doc. No. 24, PageID 651.) Petitioner says he could not find any rule or reference to filing objections to a supplemental report and recommendations, but he then quotes Fed. R. Civ. P. 72(b)(3) which provides, inter alia, that the district court can "return the matter to the magistrate judge with instructions." *Id.* at PageID 652. That is precisely what Chief Judge Dlott did and her instructions were that the Magistrate Judge was to file a "supplemental report and recommendations analyzing the Objections and Response and making recommendations based on that analysis." (Recommittal Order, Doc. No. 17, PageID 632.) And that is precisely what the Magistrate Judge did: file a supplemental report and recommendations which included an express Notice Regarding Objections.

Petitioner says that, given the content of the Supplemental Report "Petitioner found it just as objectionable as the first Report and Recommendations" and would have filed a "ditto" type document "incorporating almost verbatim" what he said in his first Objections, if only he had known what he was supposed to do. *Id.* at PageID 653. He claims that his failure to file was the result of mistake or inadvertence. However, he does not attach or incorporate any actual

3

objections to the Supplemental Report and Recommendations. He has said nothing about the fact that he failed to present the Equal Protection claim made in Ground Two at six different key points in the state court process. (See Supplemental Report, Doc. No. 19, PageID 640.)

Petitioner is not a naïve unsophisticated *pro se* litigant. He was in fact admitted to the practice of law in Ohio in 1976. Although his current legal difficulties forced him to resign his license in 2009, he should not be permitted to claim he does not understand the legal process.

It must be noted that Petitioner, having filed no objections, has also failed to file an appeal and the time for appeal has expired. Thus his Rule 60(b) motion appear to be a maneuver to have the judgment reopened so as to resurrect his eventual right to appeal. If he believes as he seems to be saying that it was error for Chief Judge Dlott to adopt the Supplemental Report without analyzing the Objections he made to the first Report, he could have raised that claim on appeal, but cannot now do so, given his failure to timely file.

Finally, Petitioner requests "that this Court bear in mind its authority to hold this matter in abeyance if it ultimately agrees with its Magistrate until Petitioner has had the opportunity to return to the state courts to correct any deficiencies in the proceedings therein as determined by the Court." (Motion, Doc. No. 24, PageID 653-54.) A district court does have authority to hold a habeas proceeding in abeyance while a petitioner exhausts available state court remedies, in other words, while he satisfies the exhaustion requirement. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). The "stay and abey" process does not apply, however, to procedurally defaulted claims. As the Supplemental Report explains at length, Slagle's claims are barred by procedural default, not by lack of exhaustion. By definition, a procedural default is an error committed in the state courts which cannot be cured because there is no longer any state court remedy available. That is why the Magistrate Judge recommended dismissal with prejudice, rather than

4

abeyance pending exhaustion.

Slagle has not shown mistake or the excusable neglect which would entitle him to relief under Fed. R. Civ. P. 60(b). His Motion for Relief from Judgment should be denied.

July 15, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).